IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

AUG 3 1 2012

David J. Bradley, Clerk of Court

| | | |
|---|---|---|
| OSCAR SALINAS and | § | |
| IRMA P. SALINAS, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-10-194 |
| | § | |
| STATE FARM FIRE AND | § | |
| CASUALTY COMPANY, | § | |
| Defendant. | § | |

## ORDER

BE IT REMEMBERED, that on August 2⎪, 2012, the Court considered Defendant's Motion for Reconsideration, Dkt. No. 171, Plaintiffs' Motion for Attorneys' Fees, Dkt. No. 172, and Defendant's Motion to Retax Costs, Dkt. No. 178.

This lawsuit arose out of an insurance claim made by Plaintiffs for damage to their home caused by Hurricane Dolly. Dkt. No. 1. After a trial on the merits, the jury made findings against Defendant and in favor of Plaintiffs. Specifically, the jury found that Defendant breached the insurance contract between Defendant and Plaintiffs and owed Plaintiffs $5,000.00 for damages sustained to Plaintiffs' home caused by Hurricane Dolly and covered by Plaintiffs' insurance policy. *See* Dkt. No. 159.

### I.    Motion for Reconsideration

On May 1, 2012, Plaintiffs filed a Motion for Entry of Judgment requesting the Court enter judgment in their favor for the amount of $5,000.00, plus costs, attorneys' fees, 18% per year as a penalty pursuant to Texas Insurance Code § 542.060(a), 6% pre-judgment interest pursuant to Texas Finance Code § 302.002, and post-judgment interest pursuant to 28 U.S.C. § 1961. Dkt. No. 162. Defendant argued (1) the Court should not award Plaintiffs $5,000.00; (2) attorneys' fees should be considered costs and all costs should be limited by the Offer of Judgment; and (3) attorneys' fees should further be limited under the excessive demand doctrine, without addressing Plaintiffs' requests for penalties and interest. Dkt. No. 163. In their reply and simultaneously-filed Motion to Strike Defendant's Offer of Judgment, Plaintiffs argued that the Offer of Judgment was invalid

1

because it was conditioned on Plaintiffs agreeing to sign a "Full and Final Release and Indemnity Agreement" which they had not seen and that the excessive demand doctrine did not apply. Dkt. Nos. 165, 166.

On June 19, 2012, the Court ordered final judgment in favor of Plaintiffs. Dkt. No. 167. The Court held (1) Plaintiffs were entitled to the $5,000.00 awarded by the jury; (2) without deciding whether attorneys' fees would be taxed as costs, the Offer of Judgment was invalid because it contained an unreasonable condition; (3) the excessive demand doctrine did not apply to limit attorneys' fees; (4) Plaintiffs had not yet proven all elements of any insurance code violations and thus the Court refrained from ruling on the 18% penalty; and (5) Plaintiffs were entitled to pre- and post-judgment interest at the respective applicable rates. *Id.*

On July 3, 2012, Defendant filed the current motion for reconsideration arguing that the Offer of Judgment was valid because the course of dealings between it and Plaintiffs' counsel shows that Plaintiffs were aware of the entire contents of the Offer of Judgment. In addition, Defendant argued that the excessive demand doctrine applied and that attorneys' fees, if any, should accrue as costs under the Texas Insurance Code rather than as separate fees under Texas Civil Practice and Remedies Code Chapter 38 ("Chapter 38"). Dkt. No. 171.

### A.    Legal Standard

The Federal Rules of Civil Procedure do not formally recognize a motion to reconsider *in haec verba. See Lavespere v. Niagra Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990). Nevertheless, the Fifth Circuit has held that a motion for reconsideration may be classified under either Rule 59 or Rule 60.[1] *Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 n. 3 (5th Cir. 1991); *see also*

---

[1] Rule 60(b) provides six alternative grounds for relief:

> (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from operation of the judgment.

Defendant did not seek relief under Rule 60(b) or address any of the Rule 60(b)

*Haygood v. Quaterman*, 2008 WL 3244144, at \*3 (5th Cir. 2008). A district court has considerable discretion to grant or deny a motion for reconsideration. *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 353 (5th Cir. 1993).

To succeed on a Rule 59(e) motion, a party must "clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005). "Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law." *Schiller v. Physicians Resource Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

"Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (addressing a Rule 59(e) motion). A motion for reconsideration "is not proper to re-litigate matters that have been resolved to the movant's dissatisfaction" or to give the movant "a 'second bite at the apple' on the same issues that were previously addressed by the parties and this Court." *Alvarado v. Texas Rangers*, 2005 WL 1420846, at \*2 (W.D.Tex. 2005) (addressing a Rule 59(e) motion). When determining a motion for reconsideration, the Court must "balance the principle of finality of a judgment with the interest of the court in seeing that justice is done in light of all the facts." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 641 (5th Cir. 2005).

Defendant seeks relief pursuant to Rule 59(e) but does not assert an intervening change in the controlling law. Therefore, the Court addresses Defendant's assertion that there was evidence not previously considered by the Court or there was a "manifest error" of law or fact. A "manifest error" is one that "is plain and indisputable, and that amounts to a complete disregard of the controlling law." *Pechon v. Louisiana Dep't of Health and Hospitals*, 2009 WL 2046766, at \*4 (E.D. La. July 14, 2009) (quoting *Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir. 2004)); *see also Bank One, Texas, N.A. v. F.D.I.C.*, 16 F. Supp. 2d 698, 713 (N.D. Tex. 1998) (describing a "manifest error" as "an obvious mistake or departure from the truth") (internal quotations omitted)).

---

grounds for relief. Therefore, the Court proceeds under Rule 59.

## B.    Offer of Judgment

On June 30, 2011, Defendant served on Plaintiffs an offer of judgment which required Plaintiffs to sign a "Full and Final Release and Indemnity Agreement." This agreement was not attached to the offer of judgment. Plaintiffs stated in their Motion to Strike that they had never seen this agreement and thus could not be certain of the full contents of the offer of judgment when it was made.

For an offer of judgment to be valid, it must be clear, definite and unconditional. *See Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754 (4th Cir. 2011); *Roska v. Sneddon*, 366 Fed. App'x 930 (10th Cir. 2010); 12 Wright, Miller, & Marcus, Federal Practice & Procedure: Civil § 3002 (1973). As the Court explained in its June 19, 2012, Order, offers of judgment containing language that it is not an admission of liability, that it is in exchange for a dismissal of the lawsuit, or that it waives plaintiffs' appellate rights are valid because these limitations do not constitute a "condition." *See Roska*, 366 Fed. App'x 930; *Longfellow v. Jackson County*, 2007 WL 2027126 (D. Or. July 5, 2007); *Barrow v. Greenville Independent School Dist.*, 2005 WL 1867292 (N.D. Tex. Aug. 5, 2005). However, where an offer of judgment contains a requirement that a plaintiff sign a never-before-seen document, it is invalid because it places an unreasonable condition on the offer. *See Burke v. City and County of Honolulu*, No. 08-00339 BMK, 2011 WL 839755 (D. Hawai'i Mar. 4, 2011).

Defendant contends that the offer of judgment did not contain an unreasonable condition because although it required Plaintiffs to sign the "Full and Final Release and Indemnity Agreement" their counsel had knowledge of what it contained based on previous representations.[2] Defendant argues that the "General Release and Compromise Settlement Agreement," while bearing a different name, is identical to the "Full and Final Release and Indemnity Agreement." However, there would be no way, on the face of the offer of judgment, for Plaintiffs or their counsel to be aware of this fact. Having a different title would imply different contents. Furthermore, Defendant could have easily attached a copy of the agreement to avoid this very concern.

---

[2] Defendant states that Plaintiffs' counsel was involved in approximately twenty cases where he recommended his clients sign "General Release and Compromise Settlement Agreements." Dkt. No. 171.

4

Offers of judgment are construed according to ordinary contract principles. *Roska*, 366 Fed. App'x at 938; *Guerrero v. Cummings*, 70 F.3d 1111, 1113 (9th Cir. 1995); *Goodheart Clothing Co. v. Laura Goodman Enters., Inc.*, 962 F.2d 268, 272 (2d Cir. 1992). Defendant argues that Plaintiffs' counsel's previous dealings with Defendant should be considered under ordinary contract principles so as to show that the offer was clear and definite. *See APS Capital Corp. v. Mesa Air Group, Inc.*, 580 F.3d 265, 271 (5th Cir. 2009); *MBank Abilene, N.A. v. LeMaire*, 1989 WL 30995, at *7-8 (Tex.App.-Houston [14th Dist.] 1989). However, the Court finds these cases are inapplicable to the facts here. In *APS Capital*, the Fifth Ciruit referenced the course of dealings of the parties in forming the contract at issue. *APS Capital Corp.*, 580 F.3d at 271. Here, the parties did not have a course of dealing in forming the offer of judgment. Defendant has not presented evidence that the parties negotiated the terms of this offer of judgment. *MBank* involved repeated dealings with the same parties in similar contractual settings over the course of several years. *MBank Abilene, N.A.*, 1989 WL 30995, at *7-8. Here, the *parties* did not form similar agreements over several years, but Plaintiffs' counsel had formed several settlement agreements with Defendant in separate, albeit similar, cases. However, all previous dealings between Plaintiffs' counsel and Defendant involved settlement agreements rather than an offer of judgment and documents with a different title. The Court finds that there is no basis for a "course of dealings" that would inform Plaintiffs of the contents of the "Full and Final Release and Indemnity Agreement."

Because the offer of judgment on its face contained as a condition a requirement to sign an undisclosed document, and because any "course of dealings" between the parties would not create a basis for Plaintiffs' knowledge of the undisclosed document, the Court finds that it did not commit a "manifest error" of law or fact in concluding that the offer of judgment contained an unreasonable condition rendering it invalid.

### C.    Attorneys' Fees

Defendant raises a number of arguments regarding attorneys' fees: (1) any attorneys' fees should be recovered as costs under the Texas Insurance Code rather than as separate fees under Chapter 38; (2) as costs, the attorneys' fees are limited by the offer of judgment; (3) State Farm properly opposed an award of attorneys' fees throughout this litigation; and (4) the doctrine of excessive demand bars the recovery of attorneys' fees.

5

In its Final Judgment, the Court only ruled on two of these issues regarding attorneys' fees: (1) that the offer of judgment was invalid and thus, regardless as to whether attorneys' fees were taxed as costs or separately as fees, attorneys' fees were not limited by the offer of judgment; and (2) the doctrine of excessive demand did not apply to bar the recovery of attorneys' fees. As the Court held, *supra*, the offer of judgment was invalid and therefore, it does not limit Plaintiffs' costs, whether those costs include attorneys' fees or not.

In the Final Judgment, the Court entertained Defendant's argument that the doctrine of excessive demand barred any collection of attorneys' fees, but found that Plaintiffs, as a matter of law, had not demanded an excessive amount. Defendant now argues it was not given sufficient opportunity to present rebuttal evidence. However, in its Motion to Reconsider, Defendant raises the same arguments, and the same evidence, that it did in its Response to Plaintiffs' Motion for Entry of Judgment. Defendant argues that Plaintiffs' demands for $117,000.00 and $198,000.00 were unreasonable in light of the jury's award of $5,000.00. Defendant does not provide any case law contradicting the cases cited by the Court in finding that these demands were not unreasonable or an act of bad faith. *See, i.e., McMillin*, 180 S.W.3d at 290 (holding that "the size of the verdict . . . does not prove as a matter of law the [plaintiffs'] demand was unreasonable" where plaintiffs had demanded $950,000.00 and the jury only awarded $1,000.00). A motion for reconsideration is not an avenue for a party to re-litigate issues already decided by the Court. *Alvarado*, 2005 WL 1420846, at *2. Thus, the Court finds that Defendant has failed to demonstrate a "manifest error" of law or fact or to introduce new evidence to support a reconsideration of the Court's determination that Plaintiffs' demands were not unreasonable and therefore that the doctrine of excessive demand did not apply as a matter of law.

The Court, in explaining the arguments of the parties, stated that Defendant did not argue in its response to Plaintiffs' Motion for Entry of Judgment that there was no statutory basis for an award of attorneys' fees.[3]   This was not a holding that the Court should reconsider; it was a statement, in *dicta*, and the Court will consider any arguments against Plaintiffs' award of attorneys' fees. However, even now, and in its response to Plaintiffs' Motion for Attorneys' Fees, discussed

---

[3] In arguing that the doctrine of excessive demand applies to bar attorneys' fees, it would seem that Defendant was admitting that a right to attorneys' fees existed in the first place. However, the Court did not rely on this.

*infra*, Defendant does not allege that a statutory right to attorneys' fees does not exist. Instead, Defendant argues that attorneys' fees must be taxed as costs under the Texas Insurance Code rather than as fees under Chapter 38. Notably, in its Final Judgment, the Court did not determine this question because Plaintiffs had not yet succeeded on any of their Texas Insurance Code claims.

Case law makes it clear that an insurance company can be liable for attorneys' fees under Chapter 38 in a breach of contract action where the insurer is not found liable under any Texas Insurance Code sections providing for attorneys' fees.[4] *Federated Mut. Ins. Co. v. Grapevine Excavation, Inc.*, 241 F.3d 396, 397-98 (5th Cir. 2001); *Ocean Garden Products, Inc. v. Northfield Ins. Co.*, Civ. Action No. H-08-3210, 2010 WL 1640940, at *3 (S.D. Tex. April 21, 2010). In this case, Plaintiffs initially alleged the following violations of the Texas Insurance Code:  § 541.060(a)(1); § 541.060(a)(2)(A); § 541.060(a)(3); § 541.060(a)(4); § 541.060(a)(7); § 542.055; § 542.056; and § 542.058. *See* Dkt. No. 1. In granting in part Defendant's Motion for Summary Judgment, the Court dismissed the following Texas Insurance Code violation claims:  § 541.060(a)(1); § 541.060(a)(2)(A); § 541.060(a)(3); § 541.060(a)(4); § 541.060(a)(7). Dkt. No. 86. However, all three § 542 claims remained pending. During the charge conference, the parties discussed placing a question before the jury regarding § 542.058. The other pending sections were not discussed. However, in the end, a question was not put before the jury as Plaintiffs represented

---

[4] The Fifth Circuit certified this question to the Supreme Court of Texas:

> In a policyholder's successful suit for breach of contract against an insurance company that is subject to one or more of the provisions listed in § 38.006, is the insurance company liable to its policyholder for reasonable attorney's fees incurred in pursuing the breach-of-contract action, either under an Insurance Code provision listed in § 38.006, or under § 38.001 if application of one or more of those sections does not result in the award of attorney's fees?

> The Supreme Court of Texas answered in the affirmative: We hold that in a policyholder's successful suit for breach of contract against an insurer that is subject to the provisions listed in section 38.006, the insurer is liable for reasonable attorney's fees incurred in pursuing the breach-of-contract action under section 38.001 unless the insurer is liable for attorney's fees under another statutory scheme.

*Federated Mut. Ins. Co. v. Grapevine Excavation, Inc.*, 241 F.3d 396, 397-98 (5th Cir. 2001).

there was no fact issue for the jury but rather a legal question to be determined by the Court on a separate motion for judgment as a matter of law.[5] However, no such motion was ever made, either orally or in writing.

In the Motion for Judgment, Plaintiffs requested an 18% penalty pursuant to the Texas Insurance Code. However, the Court declined to award the penalty, finding that Plaintiffs had not proven each element of any of their Texas Insurance Code violation claims. The Court permitted Plaintiffs to do so by their separate Motion for Attorneys' Fees or in their Bill of Costs. *See* Dkt. No. 167. However, neither of those documents address any of the Texas Insurance Code violation claims. Therefore, the Court **DISMISSES** the remaining Texas Insurance Code violation claims, § 542.055, § 542.056, and § 542.058, for want of prosecution. Accordingly, as discussed *infra*, Plaintiffs' right to attorneys' fees exists under Chapter 38 rather than as costs under the Texas Insurance Code.

## II. Motion for Attorneys' Fees

### A. Legal Standard

Jurisdiction in this case is based on diversity and therefore Texas state law controls the award of and the reasonableness of attorneys' fees. *Wal-Mart Stores, Inc. v. Qore, Inc.*, 647 F.3d 237, 242

---

[5] In discussing whether Defendant had received notice of Plaintiffs' insurance claim for Plaintiffs' § 542.058 claim during the charge conference, the following discussion was had:

> Mr. Cox: No. I don't think there's any dispute about [the August 24th] letter. So if Your Honor was going to do it as a matter of law, I guess you could – I don't think there's any evidence that would show it was a different date, so maybe I don't need a submission [to the jury]. I should move for judgment as a matter of law on that point and just ask the Court find that that was the date they received all the items reasonably requested.
> The Court: Okay. Well, my question is: What – what needs to be submitted to the jury, and that's what we're working on right now.
> Mr. Cox: Yes, ma'am.
> The Court: Is that a date that needs to be – is that a fact issue?
> . . .
> Mr. Cox: I think that that is not a factual dispute that needs to be determined by the jury.
> The Court: All right.

Charge Conference Transcript, 47:4-23.

(5th Cir. 2011). Under Texas law, attorneys' fees may be awarded only if authorized by statute or contract. *Epps v. Fowler*, 351 S.W.3d 862, 865 (Tex. 2011). Chapter 38 of the Texas Civil Practice and Remedies Code provides that a party "may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for . . . an oral or written contract." TEX. CIV. PRAC. & REM. CODE § 38.001(8) (Vernon 2009). As discussed *supra*, Chapter 38 is available to award attorneys' fees in a breach of an insurance contract case where the plaintiff does not prevail on any Texas Insurance Code violations permitting a separate award of attorneys' fees. *See Grapevine Excavation, Inc.*, 241 F.3d at 397-98; *Ocean Garden Products, Inc.*, 2010 WL 1640940, at *3. In order to be entitled to attorneys' fees under Chapter 38, a party must be the prevailing party and recover damages on a cause of action entitling it to attorneys' fees. *Green Int'l v. Solis*, 951 S.W.2d 384, 390 (Tex. 1997). The prevailing party is the party that succeeds on any significant issue in the litigation and the success provides some benefit that had been sought by the party. *Hensely v. Eckerhart*, 461 U.S. 424, 433 (1983). "When a prevailing party in a breach of contract suit seeks attorney's fees, an award of reasonable fees is mandatory under section 38.001 if there is proof of the reasonableness of the fees." *World Help v. Leisure Lifestyles, Inc.*, 977 S.W.2d 662, 683 (Tex.App.-Forth Worth 1998, pet. denied 1999); *see also Mathis v. Exxon Corp.*, 302 F.3d 448, 462 (5th Cir. 2002) (holding that under Texas law, an award of reasonable attorneys' fees "is mandatory, as long as there is proof of reasonable fees, and the plaintiff has been awarded damages").

The party seeking attorneys' fees under Chapter 38 has the burden of demonstrating the reasonableness of those fees and to segregate recoverable fees from unrecoverable fees. *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 310-14 (Tex. 2006). An exception to this rule exists when the causes of action are depending on the same set of facts and circumstances and are "intertwined to the point of being inseparable." *Gill Sav. Ass'n v. Chair King, Inc.*, 783 S.W.2d 674, 680 (Tex.App.-Houston [14th Dist.] 1989), *modified*, 797 S.W.2d 31 (Tex. 1990); *see also Air Routing Intern. Corp. (Canada) v. Britannia Airways, Ltd.*, 150 S.W.3d 682, 690 (Tex.App.-Houston [14th Dist.] 2004). Then, the party seeking fees must (1) segregate those activities solely involving the unrecoverable claims from those activities involving both recoverable and unrecoverable claims; and (2) "identify the percentage of the time spent that would have been necessary even without the unrecoverable claim." *Chapa*, 212 S.W.3d at 314.

9

Texas courts use the lodestar method to calculate attorneys' fees, which is "the product of reasonable hours times a reasonable rate." *Amlin Corp. Member, Ltd.*, 2011 WL 1044048, at *2 (citing *Toshiba Mach. Co., Am. v. SPM Flow Control, Inc.*, 180 S.W.3d 761, 782 (Tex.App.-Fort Worth 2005, no pet.)). In calculating the lodestar, the court first determines the number of hours reasonably expended. *Id.* Next, the court determines the reasonable hourly rate of the personnel who worked on the case. *Id.* The reasonable hourly rate is based on "the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The party seeking attorneys' fees must adequately document the hours expended and the value of those hours. *El Apple I, Ltd. v. Olivas*, No. 10-0490, 2012 WL 2361722, at *3 (Tex. June 22, 2012) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). "Charges for duplicative, excessive, or inadequately documented work should be excluded." *El Apple I, Ltd.*, 2012 WL 2361722, at *4 (citing *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993)).

After determining the lodestar, the Court may adjust the award based on the factors set out by the Texas Supreme Court: (1) the time and labor required, the novelty and difficulty of the question involved and the skill required to perform the legal services properly; (2) the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered. *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997); *McCalla v. Ski River Dev., Inc.*, 239 S.W.3d 374, 381 (Tex.App.-Waco 2007, no pet.). These factors are a suggestion for courts to consider but are not exclusive, exhaustive, or required. *Hagedorn v. Tisdale*, 73 S.W.3d 341, 353 (Tex.App.-Amarillo 2002, no pet.) (stating that the court "is not required to receive evidence on each of [these] factors"). A court may adjust the lodestar figure up or down by a multiplier of 25% to 400% based on the *Arthur Andersen* factors. *Forte v. Wal-Mart Stores, Inc.*, Civ. No. 07-CV-155, 2012 WL 2883690, at *3 (S.D. Tex. July 13, 2012).

**B.    Analysis**

Plaintiffs are the prevailing party because they succeeded on their breach of contract claim, the essential claim in their case, when the jury found that State Farm improperly refused to cover $5,000.00 worth of damage sustained to Plaintiffs' home exceeding the deductible of Plaintiffs' insurance policy. Plaintiffs recovered damages of $5,000.00 entitling them to recover attorneys' fees under Chapter 38.

Plaintiffs seek $292,842.25 in attorneys' fees under Chapter 38.001. Dkt. No. 172. Plaintiffs provide the affidavit of Randal Cashiola, a curriculum vitae of each attorney, and spreadsheets documenting 931.6 hours expended by attorneys at various rates between $225.00 per hour to $600.00 per hour for a fee of $269,092.25. In addition, Plaintiffs provide spreadsheets documenting 237.5 hours expended by paralegals charging $100.00 per hour for an award of $23,750.00. Plaintiffs provide documentation of 47.9 hours for secretarial and law clerk labor which was not billed and 41.7 hours of fees from various personnel totaling $11,220.00 which Plaintiffs do not bill because such hours were expended on activities relating solely to unrecoverable claims.

After careful review of Plaintiffs' documentation in support of their request, the Court finds 242.8 hours of work performed by attorneys and 53.2 hours of work performed by paralegals that were "duplicative, excessive, or inadequately documented." *El Apple I, Ltd.*, 2012 Wl 2361722, at *4. Many of these hours consisted of "trial prep" which were inadequately described and duplicative because Plaintiffs then requested and received continuances to the trial date. Other hours were excessive or inadequately documented because Plaintiffs billed for the time of attorneys and paralegals at pre-trial hearings, voir dire, and trial when those attorneys and paralegals did not make courtroom appearances. The Court also excluded hours which it finds were excessive or inadequately documented to review simple documents, such as an Amended Scheduling Order issued by the Court or for paralegals filing documents with the Court.

Plaintiffs succeeded only on their breach of contract claim and that is the only claim which entitles them to attorneys' fees. However, the facts underlying their breach of contract claim and their violation of Texas Insurance Code claims were essentially the same. The facts underlying their fraud claim were also similar. Plaintiffs segregated and excluded hours spent on activities relating only to the unrecoverable claims, such as depositions of witnesses who ultimately did not testify.

11

Defendant argues that Plaintiffs' hours prior to February 6, 2012,[6] should be reduced by fifty percent. Plaintiffs argue that the claims were completely intertwined but that, at most, the Court should reduce those hours by ten percent. The Court finds that the facts forming the basis of the breach of contract claim and the various Texas Insurance Code violation claims were virtually identical, but the facts forming the basis of the fraud claim differed to a significant degree. Thus, the Court finds that reducing the Plaintiffs' hours prior to February 6, 2012, by twenty-five percent is appropriate. *See Chapa*, 212 S.W.3d at 314; *Kimberly-Clark Corp. v. Factory Mut. Ins. Co.*, No. 3:05-cv-2097, 2008 WL 1958998, at *4 (N.D. Tex. Apr. 30, 2008).

The Court finds that Plaintiffs' request of $225.00, $250.00, $400.00, $450.00 and $600.00 per hour for their various attorneys and $100.00 per hour for their paralegals is excessive. The Court's independent review of case law suggests that the private market rates in southern Texas, and particularly Brownsville, are lower than Plaintiffs suggest. *See Southwest Grain Co., Inc. v. Pilgrim's Pride S.A.*, 2010 WL 2638483, at *8 (Tex.App.-Corpus Christi 2010) (affirming a jury award of $175.00 per hour as a reasonable rate in South Texas); *Gonzalez v. Allstate Texas Lloyd's*, 2005 WL 1155143, at *5 (S.D.Tex. 2005) (issuing an award of $150.00 per hour in Brownsville). The Court, therefore, finds that $200.00 per hour is an appropriate average billing rate for the various attorneys. The Court finds that $80.00 per hour is an appropriate rate for paralegal services in this community. Based on the Court's findings, the lodestar is $137,780.00 for work performed by attorneys and $14,468.00 for work performed by paralegals for a total of $152,248.00.

The Court now turns to the *Arthur Andersen* factors. While taking a fact-intensive case to trial requires substantial time and effort, the Court disagrees with Plaintiffs' representation that this case involved novel or difficult questions. It is evident from the numerous documents Plaintiffs' counsel filed throughout this litigation which referenced Hurricane Ike rather than Hurricane Dolly, or referenced individuals other than the Plaintiffs, that Plaintiffs' counsel handles many different insurance claims and that much of his work must involve copying and pasting. For this reason it is not reasonable to conclude that accepting this case would impact Plaintiffs' counsel's willingness or ability to accept other cases. Plaintiffs' attorneys specialize in insurance litigation, particularly

---

[6] February 6, 2012, was the date the Court issued its opinion granting summary judgment in favor of Defendant on Plaintiffs' fraud claim and most of the Texas Insurance Code violation claims.

12

in hurricane damage, and the fact that they handle a large number of cases demonstrates their experience and reputation. It is reasonable to infer from this expertise in hurricane damage insurance litigation that their cases involve the same experts, similar reports, similar calculations, and similar, if not identical, legal research and briefing.

One of the key *Arthur Andersen* factors is whether "the hours claimed by the fee applicant yield a fee that is excessive compared to the amount at stake or owed." *Chaparral Texas, L.P. v. W. Dale Morris, Inc.*, 2009 WL 455282, at *4 (S.D. Tex. Feb. 23, 2009). Texas courts require that attorneys' fees "bear some reasonable relationship to the amount in controversy." *Cordova v. Southwestern Bell Yellow Pages*, 148 S.W.3d 441, 448 (Tex.App.-El Paso 2004, no pet.). One court summarized this standard as follows:

> The fact that the hours spent and resulting fees are disproportionate to the amount in controversy or the amount recovered does not mean that the hours were unreasonable or the fees excessive. But the cases show that when the fees sought are much larger than the amount at issue or recovered, a court must carefully scrutinize whether the hours and fees are excessive in light of the complexity of the legal and factual issues and the extent of litigation necessary to obtain a favorable result on those issues. The court should also consider whether frivolous or burdensome claims or motions by the opposing party necessitated more work by the prevailing party.

*Chaparral*, 2009 WL 455282 at *13.

Here, the amount in controversy was significant, but the amount recovered was only $5,000.00. Thus, the Court must carefully scrutinize the fees requested. The facts of this case were not particularly complex, nor were the legal questions novel or difficult. Defendant did not raise any novel or complex defenses or file unnecessary motions. Premises considered, the Court reduces the total award of attorneys' fees by fifty-percent. *See Vanderbilt Mortg. & Fin., Inc. v. Flores*, Civil Action No. C-09-312, 2011 WL 2160928, at *4 (S.D. Tex. 2011) (reducing requested attorney fee award by 60 percent because 1.5 million dollar award was excessive in light of "modest amount" of $60,000 statutory damages awarded to the party by the jury); *Thomas v. Bobby D. Associates*, No. 12-08-0007-CV, 2008 WL 3020339, at *4 (Tex.App.-Tyler 2008, no pet.) (reducing a $49,000.00 fee by $24,000.00 where the amount in controversy was $87,140.46, the amount recovered was only $7,030.00 and the case was not complex); *Musgrave v. Brookhaven Lake Property Owners Association*, 990 S.W.2d 386, 402 (Tex.App.-Texarkana 1999, pet. denied) (reducing a $49,528.21 fee by $20,000.00 where plaintiffs recovered $49,420.97 in damages because the plaintiffs' attorneys

overprepared); *Giles v. Cardenas*, 697 S.W.2d 422, 430 (Tex.App.-San Antonio 1985, reh'g denied) (reducing a $10,870.39 fee by $5,000.00 because not complex); *Republic Nat. Life Ins. Co. v. Heyward*, 568 S.W.2d 879, 887 (Tex.Civ.App. 1978, reh'g denied) (finding a $65,000.00 fee excessive in an insurance case involving a $12,000.00 claim where the issues were not complex and the defendant did not raise "dubious or spurious" defenses).

The Court finds that the following hours are reasonable: 688.9 hours for attorneys and 180.85 hours for paralegals. The Court further finds that $200.00 per hour for attorneys and $80.00 per hour for paralegals is usual and customary in Brownsville, Texas, and a reasonable fee for the services rendered. However, the Court further finds that the lodestar amount of $152,248.00 is still excessive given the simple issues involved in the case; the fact that Defendant did little to prolong the case or raise unnecessary issues; and the fact that Plaintiffs' counsel handles large numbers of nearly identical cases that most of the work would be easily replicated in this case. Therefore, in accordance with the above analysis of the *Arthur Andersen* factors, the Court reduces the lodestar by fifty-percent and awards Plaintiffs attorneys' fees in the amount of $76,124.00.

## III.    Bill of Costs

Federal Rule of Civil Procedure 54 provides that "unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorneys fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The Court has discretion in its award of costs, as long as recovery of the taxed costs are permitted by statute. *See Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir.), *cert. denied*, 549 U.S. 888, 127 S.Ct. 299, 166 L.Ed.2d 154 (2006); *Baisden v. I'm Ready Productions, Inc.*, 793 F. Supp. 2d 970, 973 (S.D. Tex. June 10, 2011). Due to the strong presumption that the prevailing party will be awarded costs under Rule 54, the Fifth Circuit has explained that a court "may neither deny nor reduce a prevailing party's request for cost[s] without first articulating some good reason for doing so." *Pacheco*, 448 F.3d at 793-94 (quoting *Schwarz v. Folloder*, 767 125, 131 (5th Cir. 1985)).

Title 28, United States Code, Section 1920 provides a list of taxable costs and expenses:

(1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court-appointed

experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920; *see Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 107 S.Ct. 2494, 2497-98, 96 L.Ed.2d 385 (1987). The Fifth Circuit has explained that where costs are incurred for trial preparation, as opposed to merely for discovery purposes, they are included in the taxable costs. *Fogleman v. ARAMCO*, 920 F.2d 278, 285-86 (5th Cir. 1991) ("If, at the time it was taken, a deposition could reasonably be expected to be used for trial preparation, rather than merely for discovery, it may be included in the costs of the prevailing party. Similarly, a deposition copy obtained for use during trial or for trial preparation, rather than for the mere convenience of counsel, may be included in taxable costs.").

Where there is no objection to a specific cost, it is presumed to be necessarily incurred. *Baisden*, 793 F. Supp. 2d at 973. "However, once an objection has been raised, the party seeking costs bears the burden of verifying that the costs were necessarily incurred in the case rather than just spent in preparation and litigation of the case." *Id.* (citing *Fogleman*, 920 F.2d at 286).

## A. Service of Summons

Plaintiffs seek $370.00 in expenses for the service of subpoenas on three individuals by a private process server. Section 1920 permits the recovery of "[f]ees of the clerk and marshal." 28 U.S.C. § 1920(1). The Fifth Circuit has held that fees for private process servers are not included within § 1920(1) unless there are exceptional circumstances warranting a private server rather than the federal marshal. *Marmillion v. Am. Inter. Ins. Co.*, 381 Fed. App'x 421, 431 (5th Cir. 2010); *Cypress-Fairbanks Ind. Sch. Dist. v. Michael F.*, 118 F.3d 245, 257 (5th Cir. 1997), *cert. denied*, 522 U.S. 1047 (1998); *Baisden v. I'm Ready Prod. Inc.*, 793 F. Supp. 2d 970, 973-75 (S.D. Tex. 2011). Plaintiffs insist a private process server was required because the subpoenas were served pursuant to a "rush" service due to timing requirements. However, the Court finds that Plaintiffs' failure to timely prepare a subpoena for service without requiring a "rush" service is not an exceptional circumstance requiring Defendant to pay the costs. Therefore, the Court **SUSTAINS** Defendant's objection to the service charges.

## B. Facsimile Charges

Plaintiffs seek $11.55 in facsimile charges. However, in this Circuit, courts have found that postage, shipping, courier, telecopier and facsimile costs are not taxable because these costs "'are

. . . akin to overhead costs[,] which cannot be recovered under 28 U.S.C. § 1920.'" *Auto Wax Co., Inc. v. Mark V Products, Inc.*, 2002 WL 265091, at *9-10 (N.D. Tex. Feb. 22, 2002) (quoting *Migis v. Pearle Vision, Inc.*, 944 F.Supp. 508, 518 (N.D. Tex. 1996)); *see also Home Depot, U.S.A., Inc. v. Fed. Ins. Co.*, No. 4:02-CV-95, 2003 WL 470545, at *1-2 (E.D. Tex. Feb. 24, 2003) (omitting Plaintiff's long distance telephone and facsimile charges); *Casarez v. Val Verde County*, 27 F. Supp. 2d 749, 751-52 (W.D. Tex. 1998) (finding "facsimile reimbursement" was not permissible as costs); *Embotelladora Agral Regiomontana, S.A. de C.V. v. Sharp Captial, Inc.*, 952 F. Supp. 415, 418 (N.D. Tex. 1997). Plaintiffs do not respond to this objection. Therefore, the Court **SUSTAINS** Defendant's objection to the facsimile charges.

### C.    Electronic Processing Charges

Plaintiff seeks $630.65 for the electronic scanning of documents. Copying costs are recoverable where they are necessary for use in trial, rather than merely for the convenience of counsel. *Fogleman*, 920 F.2d at 285-86. Electronic processing of documents may be properly taxed in favor of the prevailing party where the processing is necessary for confidentiality purposes or is in lieu of physical pages. *See, i.e., Chenault v. Dorel Industries, Inc.*, 2010 WL 3064007 (W.D. Tex. 2010); *Kellogg Grown & Root International, Inc. v. Altanmia Commercial Marketing Co. W.L.L.*, No. H-07-2684, 2009 WL 1457632 (S.D. Tex. 2009). Plaintiffs argue that scanning documents was necessary in order to electronically file documents with the Court. However, Plaintiffs have not demonstrated that the $630.65 was solely for documents related to court filings and most documents filed with the Court would be produced by Plaintiffs in electronic format and thus additional scanning would not be required. Furthermore, courts in this Circuit have not found the electronic filing system of the courts to be a basis for awarding costs for electronic processing of documents and Plaintiffs have not presented any case law in support of their contention. Therefore, the Court **SUSTAINS** Defendant's objection to the electronic processing charges.

### D.    Copy Costs

Excluding the facsimile and scanning charges, Plaintiffs seek $7,289.00 in copy costs. While the prevailing party need not "identify every Xerox copy made for use in the course of legal proceedings," the costs must be necessary and for use in litigation rather than for the convenience of attorneys. *Fogleman*, 920 F.2d at 285-86. Furthermore, the losing party "should not be held

16

responsible for multiple copies of documents, attorney correspondence, or any of the other multitudes of papers that may pass through a law firm's Xerox machines. *Id.* at 286.

Defendant argues Plaintiffs have failed to adequately describe the copy charges and thus have failed to demonstrate their necessity. Furthermore, Defendant argues there are numerous unacceptable duplications. Plaintiff responds that the affidavit of Vivian Anderson ("Anderson"), Head of Human Resources Department of Plaintiffs' counsel's firm, provides proof of the necessity and reasonableness of the charges and that any duplication "was necessary in its own regard." Dkt. No. 183.

The Court finds Anderson's conclusory affidavit is insufficient to establish the reasonableness and necessity of the copy charges in light of Defendant's objections. *See Vanderbilt Mortg. & Fin., Inc.*, 2011 WL 2160928, at *12 (declining to award copying costs of $6,923.10 where supporting affidavit merely stated that costs were necessary due to opposing party's production of documents on compact disks). Review of the attached Copitrak™ program print-out[7] shows innumerable copies of the exact same document, some printed within minutes of one another. Defendant is not responsible for duplicate copies made for attorney convenience. *See Fogleman*, 920 F.2d at 286; *Celanese Corp. v. Kellogg, Brown & Root, Inc.*, No. H-06-2265, 2009 WL 1810967, at *2-3 (S.D. Tex. 2009). Thus, the Court **SUSTAINS** Defendant's objection to these copy charges.

### E.   Transcripts

Plaintiffs seek $16,042.18 for obtaining copies of transcripts in this case. Plaintiffs include the deposition transcripts of Nancy Wurzman ("Wurzman") and Duane Swoveland ("Swoveland"). The testimony of both Wurzman and Swoveland was related solely to claims which were dismissed by this Court on summary judgment. Defendant argues that the costs should be reduced by the cost of the transcripts of Wurzman and Swoveland because Plaintiffs did not succeed on the claim for which their depositions were needed. Defendant does not cite any case law in support of its position and the Court did not find any. While attorneys' fees must be segregated, a party is not required to segregate costs associated with unsuccessful claims. Defendant further complains that the deposition

---

[7] According to Anderson's affidavit, Copitrak™ is the program used by Plaintiffs' counsel's law firm to bill clients for copying. Plaintiffs attached a print-out of the program's charges related to this case.

17

transcripts do not exclude travel costs for the court reporter. However, the invoices attached to Plaintiffs' Bill of Costs do not include travel costs. The Court finds that Defendant's objection lacks any basis and **OVERRULES** the objection to transcript costs.

**IV.    Conclusion**

For the reasons stated above, the Court **DENIES** Defendant's Motion for Reconsideration, Dkt. No. 171, **GRANTS IN PART** Plaintiffs' Motion for Attorneys' Fees, Dkt. No. 172, and **GRANTS IN PART** Defendant's Motion to Retax Costs, Dkt. No. 178. The Court **AWARDS** Plaintiffs $76,124.00 in attorneys' fees and **ORDERS** the District Clerk to retax the costs awarded to Plaintiffs in the amount of $16,042.18.

DONE at Brownsville, Texas, on August 31, 2012.

Hilda G. Tagle
United States District Judge